UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY CARL WASHINGTON,

                Petitioner,                Case Number: 08-11341

v.                                            HON. PATRICK J. DUGGAN

HUGH WOLFENBARGER,

                Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 1, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Petitioner Gregory Carl Washington ("Petitioner") has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for second-degree murder in violation of MICH. COMP. LAWS ANN. § 750.317, assault with intent to murder in violation of MICH. COMP. LAWS ANN. § 750.224f, and possession of a firearm in the commission of a felony in violation of MICH. COMP. LAWS ANN. § 750.227b. Petitioner currently is incarcerated at the Macomb Correctional Facility in New Haven, Michigan. On April 3, 2008, Petitioner filed a motion seeking a stay of the writ of habeas corpus proceedings so that he may return to the state courts and exhaust four claims that currently are not included in his habeas petition.

**Procedural Background**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of the above-listed offenses. Petitioner filed a direct appeal in which he raised the two claims contained in his current petition for habeas relief: (1) prosecutorial misconduct and (2) that his sentence was unconstitutional pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The Michigan Court of Appeals rejected Petitioner's first claim, but remanded for resentencing with respect to his second claim. *People v. Washington*, No. 260155 (Mich. Ct. App. June 13, 2006). Petitioner filed an application for leave to appeal with respect to his first claim, which the Michigan Supreme Court denied on December 28, 2006. *People v. Washington*, 477 Mich. 973, 725 N.W.2d 20 (2006).

The trial court resentenced Petitioner on October 4, 2006, pursuant to the Michigan Court of Appeals' remand order. Petitioner then filed an application for leave to appeal his new sentence, which the Michigan Court of Appeals denied. *People v. Washington*, No. 274768 (Mich. Ct. App. May 4, 2007). The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 24, 2007. *People v. Washington*, 480 Mich. 891, 738 N.W.2d 734 (2008).

Petitioner filed the instant petition for habeas relief on March 28, 2008.

## Analysis

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay the federal habeas petition and hold further

proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005).

The Court is concerned that the outright dismissal of Petitioner's application for habeas relief, albeit without prejudice, might jeopardize the timeliness of one or more of his claims under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner's direct appeal with respect to his prosecutorial misconduct claim concluded on December 28, 2006, when the Michigan Supreme Court denied his application for leave to appeal. For purposes of § 2244(d)(1), Petitioner's conviction became final when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired– i.e. March 28, 2007. Although the Michigan Court of Appeals remanded Petitioner's case for resentencing and Petitioner's subsequent appeals with respect to his sentence only concluded on September 24, 2007, the Sixth Circuit has indicated that the AEDPA's statute of limitations clock with respect to a petitioner's non-remanded claims does not start from when the resentencing judgment became final, but rather from when the judgment with respect to the non-remanded claims or original conviction became final. *Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007).

In reaching its decision in *Bachman*, the Sixth Circuit distinguished an earlier decided case in which the court held that "'the [AEDPA's] one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final.'" 487 F.3d at 982 (quoting *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006)). The court read *Linscott* as "expressly restrict[ing] itself to petitions that challenge the resentencing decision itself– that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock." *Id*. The *Bachman* court specifically rejected the approach followed by the Eleventh Circuit in *Walker v. Crosby*, 341 F.3d 1240 (2003), "that resentencing restarts the statute of limitations period for *all* of the claims in a habeas petition, including those that arise from the original conviction." *Id*. at 984 (citing *Walker*, 341 F.3d at 1246) (emphasis added in *Bachman*). As the Sixth Circuit reasoned:

> The position . . . that a later-occurring event can reopen the statute of limitations period with respect to a petition challenging the underlying conviction, regardless of what other claims are raised in the petition, is supported by neither *Walker* nor this court's precedent, . . .
>
> Sixth Circuit precedent dictates instead that courts determine the beginning of the one-year statute of limitations based on the content of the prisoner's claim. The logic behind this rule was explained in *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), in which the Third Circuit refused to adopt the Eleventh Circuit's *Walker* decision. The *Fielder* court observed that using the same beginning date for the statute of limitations for an entire habeas petition, regardless of the nature of the individual claims, "has the strange effect of

4

> permitting a late-accruing federal habeas claim to open the
> door for the assertion of other claims that had become time-
> barred years earlier," a result that Congress never intended
> when it designed the federal habeas statutes. *Id*. at 120.

*Bachman*, 487 F.3d at 984.

It appears that Petitioner filed his pending application for a writ of habeas corpus one day before the AEDPA's one-year limitations period expired.[1] Therefore, if this Court dismisses Petitioner's pending petition, he most likely will be time-barred from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts.

Petitioner argues that his unexhausted claims were not presented in state court due to ineffective assistance of counsel. The Court finds that Petitioner has asserted good cause for failing to present his claims previously in state court. The Court does not find Petitioner's unexhausted claims to be "plainly meritless" and there is no indication that Petitioner's failure to raise the claims previously in the state court resulted from "intentionally dilatory litigation tactics." *See Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535. Therefore, the Court grants Petitioner's request to stay further proceedings in this matter pending his exhaustion of his unexhausted claims.

The Supreme Court advised in *Rhines* that, when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place

---

[1] As indicated above, Petitioner's original judgment became final on March 28, 2007. He filed the pending habeas corpus petition on March 28, 2008.

reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278, 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes the time limits set forth below within which Petitioner must proceed.

## Conclusion

Petitioner's Motion to Stay Habeas Corpus Proceedings is **GRANTED**. The proceedings in this case are stayed pending Petitioner's exhaustion of his state court remedies <u>provided</u> that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this order <u>and</u> (2) Petitioner returns to this Court within **sixty (60) days** of exhausting his state court remedies and files (*in the above-captioned case*) a motion to lift the stay and to file an amended petition adding the exhausted claims.[2]

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical

---

[2] In other words, Petitioner's motion and amended petition should include the same case caption and number.

purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

    **SO ORDERED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

Laura Kathleen Sutton, Esq.
B. Eric Restuccia, Esq.