UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY CARL WASHINGTON,

       Petitioner,                        Civil No. 08-11341
                                            Honorable Patrick J. Duggan

v.

HUGH WOLFENBARGER,

       Respondent,
_____/

**<u>OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO LIFT STAY AND TO REINSTATE THE PETITION FOR WRIT OF HABEAS CORPUS; (2) GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS; (3) DIRECTING RESPONDENT TO FILE AN ANSWER AND RULE 5 MATERIALS; AND (4) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING</u>**

      On March 28, 2008, Petitioner Gregory Carl Washington, ("Petitioner"), through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions in the Wayne County Circuit Court in 2004 for second-degree murder, assault with intent to murder, possession of a firearm by a felon, and possession of a firearm in the commission of a felony. Petitioner subsequently moved to hold his habeas petition in abeyance so that he could exhaust additional claims in the state courts that he failed to raise prior to filing his petition. On May 1, 2008, this Court entered an opinion and order granting Petitioner's motion. The Court also administratively closed the case. (Doc. 5.)

      On August 24, 2010, Petitioner filed a motion to lift the stay and reinstate his

petition for writ of habeas corpus. (Doc. 8.) In his motion, Petitioner also requests permission to file the proposed amended petition for writ of habeas corpus that he filed on the same date. (*See* Doc. 9.) On August 24, 2010, Petitioner also filed a motion for an evidentiary hearing. (Doc. 10.)

Federal courts have the power to order that a petition for habeas corpus relief be reinstated upon the petitioner's timely request following the exhaustion of state court remedies. *See, e.g., Pillette v. Berghuis,* 630 F. Supp. 2d 791, 795 (E.D. Mich. 2009); *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because Petitioner is alleging that his claims are now exhausted in the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court also will grant Petitioner's request to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R. Civ. P. 15). The Sixth Circuit has advised that leave to amend a habeas petition should be "freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)); *see also* Fed. R. Civ. P. 15(a). The court has identified several factors that a district court should consider when deciding whether to allow an amendment: "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility . . ." *Id*. There

is no indication that any of these factors weighing against amendment are present in this case.

As to Petitioner's motion for an evidentiary hearing, the Court will deny the motion without prejudice at this time. Rule 8 of the Rules Governing Section 2254 Cases provides that if a habeas petition is not summarily dismissed, the district court "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Respondent has not yet answered the habeas petition and the state-court record has not yet been submitted to this Court. Therefore, at this time, the Court is not able to discern whether an evidentiary hearing is needed.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to lift the stay is **GRANTED** and the Clerk of the Court shall reopen this case;

**IT IS FURTHER ORDERED**, that Petitioner's request to amend his petition is **GRANTED** and the amended petition (Doc. 9) is deemed filed;

**IT IS FURTHER ORDERED**, that with this Opinion and Order, the Court is sending a copy of the amended petition to Respondent;

**IT IS FURTHER ORDERED**, that Respondent shall file an Answer and Rule 5 materials within **one hundred and twenty (120) days** of this Opinion and Order;

**IT IS FURTHER ORDERED**, that Petitioner shall have **thirty (30) days** from the date he receives Respondent's Answer to file a reply brief;

**IT IS FURTHER ORDERED**, that Petitioner's motion for an evidentiary hearing is **DENIED WITHOUT PREJUDICE**.

DATE: September 8, 2010

                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT JUDGE

Copy to:
Laura Kathleen Sutton, Esq.

Michigan Department of Attorney General
Habeas Division
P.O. Box 30217
Lansing, MI 48909