UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY CARL WASHINGTON,

        Petitioner,        Civil No. 2:08-CV-11341
                                      HONORABLE PATRICK J. DUGGAN

v.

CAROL R. HOWES,

        Respondent,
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u>**

Petitioner Gregory Carl Washington ("Petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his petition, filed by counsel, Petitioner challenges his convictions in November 2004 for the following: second degree murder in violation of Michigan Compiled Laws § 750.317; assault with intent to murder in violation of Michigan Compiled Laws § 750.83; possession of a firearm by a felon in violation of Michigan Compiled Laws § 750.224f; and possession of a firearm in the commission of a felony in violation of Michigan Compiled Laws § 750.227b. For the

---

[1] When Petitioner filed his habeas corpus petition, he was incarcerated at the Macomb Correctional Facility. He has since been transferred to the Lakeland Correctional Facility. The only proper respondent in a habeas case is the petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. *See* Rule 2(a) of the Rules Governing Section 2254 Cases. Therefore, the Court is *sua sponte* substituting Warden Carol R. Howes, the warden at the facility where Petitioner currently is incarcerated, as the respondent in this action.

reasons that follow, the Court denies Petitioner habeas corpus relief.

## I. Factual and Procedural Background

Petitioner's convictions arise from his September 29, 2003 fatal shooting of John Scott, the owner of the home next door to Petitioner, and his shooting at Ronald Franks and John Lilly, two Detroit Water and Sewage Department employees who were at the home to install a water meter. Petitioner raised an insanity defense which the jury rejected. On November 10, 2004, the jury found Petitioner guilty of the above listed charges.

On December 13, 2004, the trial judge sentenced Petitioner as an habitual offender, second offense, to concurrent terms of 40 to 60 years' imprisonment for the second-degree murder conviction, life imprisonment for each assault conviction, and 2 to 7-1/2 years' imprisonment for the felon in possession of a firearm conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. Petitioner filed a direct appeal.

The Michigan Court of Appeals remanded the case to the trial court to allow Petitioner to move for a new trial on the ground that the jury's verdict was against the great weight of the evidence. On September 30, 2005, the trial court denied the motion. Petitioner again filed a direct appeal and the state appellate court affirmed his convictions but remanded for re-sentencing. *Washington*, 2006 WL 1626910, *appeal denied* 477 Mich. 973, 725 N.W.2d 20 (2006).

On October 4, 2006, the state trial court re-sentenced Petitioner to the same terms

of imprisonment as the initial sentence. The Michigan appellate courts denied petitioner's application for leave to appeal the re-sentencing. *People v. Washington*, No. 274768 (Mich. Ct. App. May 4, 2007), *leave denied* 480 Mich. 891, 738 N.W.2d 734 (2007).

On March 28, 2008, Petitioner filed his pending petition in this Court. Petitioner subsequently moved to hold his habeas petition in abeyance and to stay these proceedings so that he could exhaust additional claims in the state courts. This Court granted Petitioner's motion on May 1, 2008.

Thereafter, Petitioner field a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500 in the state trial court, which the trial court denied. *People v. Washington,* No. 04-004270-01 (Cir. Ct. for Wayne Cnty. July 9, 2008) [Doc. 14-25]. The Michigan appellate courts denied petitioner's post-conviction appeal. *People v. Washington*, No. 292891 (Mich. Ct. App. October 19, 2009); *leave denied* 486 Mich. 1042, 783 N.W.2d 335 (2010). Petitioner then returned to this Court and, on August 24, 2010, filed an amended brief in support of his request for habeas relief.

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. MR. WASHINGTON'S CONVICTIONS FOR ASSAULT WITH INTENT TO MURDER MUST BE SET ASIDE WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SATISFY THE DUE PROCESS STANDARD OF GUILT BEYOND A REASONABLE DOUBT.

II. MR. WASHINGTON'S DUE PROCESS RIGHT TO PRESENT A MEANINGFUL DEFENSE WAS DENIED WHERE DEFENSE EXPERT WITNESS OPINION AS TO PHYSICAL BRAIN

> DAMAGE WAS OFFERED BUT DISMISSED BY THE STATE AS A "NONISSUE" WITHOUT EXPERT EVIDENCE REFUTING THE DEFENSE CLAIM.
>
> III. THE RIGHT TO COUNSEL IS THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL. IN THIS CASE TRIAL COUNSEL'S STRATEGY REGARDING THE DEFENSE OF LEGAL INSANITY WAS CONSTITUTIONALLY DEFICIENT AS COUNSEL FAILED TO PROPERLY INVESTIGATE AND PREPARE FOR THE ISSUE OF MENTAL ILLNESS DUE TO PHYSICAL BRAIN INJURY AND/OR MENTAL RETARDATION AND TO OBJECT TO PROSECUTORIAL MISCONDUCT.
>
> IV. THE RIGHT TO COUNSEL EXTENDS TO THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL. IN THIS CASE THE FAILURE OF APPELLATE COUNSEL TO RAISE THE ISSUES HEREIN WAS INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.
>
> V. MR. WASHINGTON'S SENTENCE WAS IMPOSED CONTRARY TO THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Respondent filed an answer to the amended petition on January 6, 2011.[2] Respondent asserts that Petitioner's claims are procedurally defaulted and/or lack merit.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

---

[2]Respondent also filed an answer to the initial petition.

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In short, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

The Supreme Court has provided that under the "contrary to" clause "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364-65, 120 S. Ct. 1495, 1498 (2000). A federal habeas court may grant the claim under the "unreasonable application" clause "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Id*. at 409, 120 S. Ct. at 1521. The court may not issue a writ "simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Id*. at 411, 120 S. Ct. at 1522.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). The "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, – U.S. – , 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, – U.S. – , 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* "Under § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

### III. Discussion

### A. Procedural Default

Respondent contends that Petitioner's first through fourth claims are procedurally defaulted because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause and prejudice for failing to raise them earlier, as required by Michigan Court Rule 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review also is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-751, 111 S. Ct. 2546, 2565 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 2666 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means

factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).

The United States Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594 (1991).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(i).

In the present case, the Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

8

These orders, however, neither refer to subsection (3) nor mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court "must therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.*

Contrary to Petitioner's argument, the trial court judge clearly and expressly relied on Petitioner's failure to comply with the cause and prejudice requirements contained in Michigan Court Rule 6.508(D)(3) to deny his post-conviction motion. The state trial court judge rejected Petitioner's motion for relief from judgment, reasoning:

> All of the defendant's claims for relief are bared (sic) by procedural default and the court has not waived the good cause requirement; therefore, the defendant's claims must meet the requirements of MCR 6.508(D)(3), showing good cause and actual prejudice. Because the defendant has failed to show good cause and/or actual prejudice for his claims, his motion for relief from judgment is denied.

*People v. Washington*, No. 04-004270-01, at *2 (Cir. Court for Wayne Cnty. July 9, 2008). The fact that the trial court judge additionally discussed the merits of Petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.

2d 264, 267 (6th Cir. 1991).

For these reasons, this Court concludes that Petitioner's first, second, and third grounds in support of his request for habeas relief– which he asserted for the first time in his post-conviction motion– are procedurally defaulted. However Petitioner's fourth ground for relief in which he asserts ineffective assistance of appellate counsel could not have been procedurally defaulted, as Petitioner's post-conviction motion was the first opportunity he had to assert the claim. *Guilmette*, 624 F.3d at 291; *Hicks v. Straub*, 377 F.3d 538, 558 n.17 (6th Cir. 2004). Nevertheless, as discussed further below, that claim lacks merit and also fails to establish cause (as asserted by Petitioner) to excuse his procedural default.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 103 S. Ct. 3308, 3312 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536, 106 S. Ct. at 2667 (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S. Ct. 3308, 3312-13 (1983)). "'Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome.'" *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Gray v. Greer*, 800 F.2d

644, 646 (7th Cir. 1986)).

Appellate counsel may deliver deficient performance and prejudice to a defendant, however, "'by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal.'" *Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (quoting *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995) (citing *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989)). "A 'dead-bang winner' is an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal." *Id*. (internal quotation marks and citations omitted).

Petitioner fails to show that his appellate counsel rendered ineffective assistance by omitting from his direct appeal the claims Petitioner raised for the first time in his post-conviction motion. Appellate counsel filed a fifty page appellate brief in which he raised four substantive claims for relief. Petitioner's counsel also filed a motion to remand to the trial court based on trial counsel's alleged ineffectiveness in failing to move for a new trial based upon the verdict going against the great weight of the evidence. The Michigan Court of Appeals granted the motion for remand and appellate counsel argued the motion for a new trial in the trial court. Petitioner's appellate counsel also obtained a re-sentencing for Petitioner. Petitioner fails to demonstrate that appellate counsel's strategy in presenting such claims and not raising other claims was deficient or unreasonable.

Moreover, for the reasons stated by the state trial court in rejecting Petitioner's post-conviction claims, none of the claims raised by Petitioner in his post-conviction

11

motion were "dead bang winners." *See Washington*, No. 04-004270-01 at 2-4. Therefore, Petitioner fails to establish cause for his procedural default. Because Petitioner's post-conviction claims lack merit, this Court also rejects the independent ineffective assistance of appellate counsel claim raised by Petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Because Petitioner has not demonstrated cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533, 106 S. Ct. at 2666. Additionally, Petitioner does not present new reliable evidence to support any assertion of innocence which would allow this Court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of the evidence claim (Claim I) is insufficient to invoke the actual innocence exception to the procedural default doctrine. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declines to review Petitioner's defaulted claims.

In summary, this Court concludes that Petitioner's first through third grounds for relief are procedurally defaulted and that his fourth ground for relief lacks merit.

### B. Petitioner's Non-Defaulted Claim

In his fifth claim in support of his request for habeas relief, relying on the Supreme

Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), Petitioner contends that the trial court judge violated his constitutional rights by using factors which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner to calculate the sentencing guidelines. Petitioner concedes in his amended petition that federal and state law decided since his original petition was filed stands against him.

In *Blakely*, the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, 124 S. Ct. at 2536 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000)). *Blakely*, however, involved a trial court's departure from Washington State's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006); *People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004). Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09, 124 S. Ct. at 2538, 2540-41.

The Supreme Court's recent decision in *United States v. O'Brien*, – U.S.– , 130 S. Ct. 2169 (2010), does not help petitioner. In *O'Brien*, the Court held that under the

13

federal statute prohibiting the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime, the fact that a firearm was a machine gun increases the prescribed range of penalties to which a criminal defendant is exposed and therefore constitutes an element of the offense, rather than a sentencing factor. *Id*. at 2169-70. The Court therefore concluded that the fact must be proved to the jury beyond a reasonable doubt. *Id*. Petitioner, however, has not alleged that the trial court made a factual finding with respect to any element of his offenses.

For these reasons, the Court concludes that Petitioner is not entitled to habeas relief based on his *Blakely* claim.

## IV.  Certificate of Appealability

When a district court enters a final order adverse to an applicant for a writ of habeas corpus, the court must issue or deny a certificate of appealability. Rule 11(a), Rules Governing §2254 Cases.  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid

claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to his sentencing and ineffective assistance of appellate counsel claims. As to his remaining claims, which the Court found procedurally defaulted, the Court not does believe that jurists of reason would find the correctness of this finding debatable. The Court therefore declines to issue Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is denied a certificate of appealability.

Dated: October 21, 2011                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Laura K. Sutton, Esq.
John S. Pallas, Esq.