UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY CARL WASHINGTON,

        Petitioner,

                                                  Civil Case No. 2:08-cv-11341
v.                                                 Honorable Patrick J. Duggan

CAROL R. HOWES,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING "PETITIONER'S RULE 60(d)(1) [&] (3) INDEPENDENT ACTION AND MOTION FOR RELIEF FROM JUDGMENT" AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Background**

Petitioner Gregory Carl Washington ("Petitioner") is a Michigan prisoner serving a life sentence arising from a conviction in 2004. On March 28, 2008, Petitioner filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the proceedings were held in abeyance so Petitioner could exhaust additional claims in the state courts, Petitioner filed an amended petition raising five grounds in support of his request for habeas relief. In an opinion and order issued October 21, 2011, this Court held that four of Petitioner's claims were procedurally defaulted, that his ineffective assistance of appellate counsel claim lacked merit and did not provide cause and prejudice for the procedural default,

and that his last ground for relief relating to his sentence did not demonstrate a substantial showing of the denial of a constitutional right entitling him to relief. (ECF No. 17.) This Court on October 21, 2011, and the Sixth Circuit Court of Appeals on June 6, 2012, denied Petitioner a certificate of appealability. Presently before the Court is Petitioner's "Rule 60(d)(1) [and] (3) Independent Action and Motion for Relief from Judgment", dated July 11, 2013 and filed July 15, 2013. For the reasons that follow, the Court denies the motion and declines to issue Petitioner a certificate of appealability with respect to this decision.

## II.  Petitioner's Motion

In his motion, Petitioner contends that the Court failed to recognize fraud committed by the State at trial and in response to his habeas petition relevant to his insanity defense. According to Petitioner, the fraud arose from the prosecutor allowing the State's psychiatrist to remain in the courtroom while other doctors gave their individual expert opinions regarding Petitioner's mental competence. Petitioner contends that this Court also failed to recognize that two doctors– one secured by the State and another by the defense– found Petitioner incompetent. Petitioner cites to Federal Rule of Civil Procedure 60(d) in support of his motion.

### III. Applicable Law and Analysis

Rule 60(d) grants a court the power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). Relief from a judgment through an independent action under Rule 60(d)(1) "is appropriate only in cases 'of unusual and exceptional circumstances.' " *Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 F. App'x 504, 507 (6th Cir. 2012) (quoting *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir.1987) (internal quotations omitted)). As the Sixth Circuit has elaborated:

> [A]n independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, 118 S. Ct. 1862 (1998); *accord Pickford v. Talbott*, 225 U.S. 651, 657, 32 S. Ct. 687 (1912) (available when enforcement of the judgment is "manifestly unconscionable") . . . As other circuits have held, a "grave miscarriage of justice" is a "stringent" and "demanding" standard. *Gottlieb v. S.E.C.*, 310 Fed.Appx. 424, 425 (2d Cir.2009); *Wise v. Kastner*, 340 Fed.Appx. 957, 959 (5th Cir.2009).

*Mitchell v. Rees*, 651 F.3d 593, 595 (2011).

*Mitchell* was a habeas corpus case. The court held that to establish relief

under Rule 60(d)(1) in that context, the movant "must make a strong showing of actual innocence." *Id*. at 596 (citing *Calderon v. Thompson*, 523 U.S. 538, 557-58, 118 S. Ct. 1489, 1502 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"). Petitioner fails to make such a showing. Nevertheless, he may be entitled to relief under Rule 60(d)(3) if he can show a fraud on *this* Court in *the habeas proceedings*.[1]

Interpreting Rule 60(d)(3), the Sixth Circuit has described "fraud on the court" as " 'egregious conduct involving a corruption of the judicial process itself.' " *Gen. Medicine, PC v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012). Examples include "such flagrant abuses as bribing a judge, employing counsel to exert improper influence on the court, and jury tampering." *Id*. (citations omitted). Elsewhere, the Sixth Circuit provided that,

> [f]raud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should

---

[1] In his motion, Petitioner also contends that there was fraud in the state court proceedings. Such a claim, however, constitutes a second or successive habeas petition for which Petitioner must seek permission from the Sixth Circuit to pursue. *See* 28 U.S.C. § 2244(b)(3)(A); *Thompkins v. Berghuis*, 509 F. App'x 517 (6th Cir. 2013)

be denied in the absence of such conduct.

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352-53 (6th Cir.1993) (quoting Moore's Federal Practice § 60.33) (quotation marks omitted in *Demjanjuk*).

Pursuant Sixth Circuit precedent, a showing of fraud on the court requires clear and convincing evidence of:

> "1) conduct on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court."

*General Medicine*, 475 F. App'x at 71 (quoting *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (additional quotation marks, citation, and brackets omitted)). As a result " '[i]n practice . . . even fairly despicable conduct will not qualify as fraud on the court.' " *Id*. (quoting Moore's Federal Practice § 60.21[4][c], collecting cases for the proposition that perjury and non-disclosure by a single litigant did not rise to the level of fraud on the court).

Petitioner cannot make this showing because, at the very least, there is no evidence of intentional, willful, or reckless misconduct by the assistant attorney general and this Court was not deceived by the alleged fraud. The only ground for habeas relief that this Court evaluated on its merits related to Petitioner's sentence. The fraud alleged was relevant, if at all, to one of the other grounds asserted by

Petitioner. This Court found those grounds procedurally defaulted and thus it did not consider the evidence or arguments presented by the assistant attorney general regarding the merits of those claims.

### IV. Conclusion

For these reasons, the Court cannot conclude that Petitioner is entitled to relief from judgment under Rule 60(d). To the extent Petitioner intended to rely on subsection (b) of the rule in support of his motion, the Court would find his request time-barred. *See* Fed. R. Civ. P. 60(c). The Court declines to issue Petitioner a certificate of appealability with respect to this decision, as jurists of reason could not disagree with the Court's ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).

Accordingly,

**IT IS ORDERED**, that Petitioner's "Rule 60(d)(1)(3) Independent Action and Motion for Relief from Judgment" (ECF No. 23) is **DENIED** and Petitioner is denied a certificate of appealability with respect to this decision.

Dated: September 18, 2013        s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Gregory Carl Washington, #517403
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

AAG John S. Pallas